UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNEST JEROME NASH,

      Petitioner,

v.                            Case No. 8:16-cv-2566-MSS-TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____

## ORDER

Ernest Jerome Nash petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state-court convictions for trafficking in heroin and conspiracy to traffic in heroin. After reviewing the petition (Dkt. 1), the response (Dkt. 14), the state-court record (Dkt. 16), the reply (Dkt. 19), and the parties' supplemental briefs, (Dkts. 25, 27), the Court **DENIES** the petition.[1]

## I.    BACKGROUND

Following a jury trial, Nash was convicted of trafficking in heroin and conspiracy to traffic in heroin. (Dkt. 16, Ex. 2, at 2) He received concurrent sentences of 30 years' imprisonment on each count. (Id., Ex. 4, at 234) The convictions were reversed on direct appeal because "the trial court failed to conduct an adequate hearing pursuant to Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973)." Nash v. State, 53

---

[1] After the petition was fully briefed, Nash filed a motion for a ruling. (Dkt. 40) The motion is **GRANTED** to the extent that this Order resolves the petition.

So. 3d 1208, 1209 (Fla. 2d DCA 2011).[2] Specifically, Nash "requested his counsel's discharge and complained that he was unaware of his trial date," yet the trial court "made no inquiry of Nash's counsel other than asking whether she was ready for trial." Id. at 1211. Based on the Nelson error, the appellate court "reverse[d] and remand[ed] for a new trial." Id.

On remand, Nash was appointed new counsel, and the case proceeded to trial. (Dkt. 16, Ex. 4, at 236, 238-40) Nash was again found guilty as charged, and he received the same sentence as before—concurrent terms of 30 years' imprisonment for trafficking in heroin and conspiracy to traffic in heroin. (Id., Ex. 1, at 45-46, 203-10) This time, the convictions were affirmed in an unexplained decision. Nash v. State, 119 So. 3d 449 (Fla. 2d DCA 2013).

Next, Nash moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 25-2, Ex. 1) He raised ten grounds, but only two are relevant here. (Id.) First, Nash argued that counsel from his second trial was ineffective for failing to timely convey a 20-year plea offer. (Id. at 15-16) According to Nash, the offer was made after his convictions were reversed on direct appeal. (Id.) Counsel allegedly failed to inform Nash of the 20-year offer before its "cut off" date. (Id. at 16) Had he been aware of the offer before it expired, he "would have accepted it [because he was] fearful of counsel's lack of trial preparation and poor defense strategy." (Id.) Second, Nash asserted that counsel from his "original trial" was ineffective for failing to convey

---

[2] Florida courts hold a Nelson hearing when a defendant wishes to discharge his court-appointed lawyer. Nelson, 274 So. 2d at 258-59.

a 96-month plea offer that was made before the first trial. (<u>Id.</u> at 31-32) Nash alleged that he "would have gladly accepted" the 96-month offer. (<u>Id.</u> at 32)

The postconviction court ordered the State to respond to the Rule 3.850 motion. (Dkt. 16, Ex. 6, at 37) In its response, the State argued that Nash "fail[ed] to make a facially sufficient claim of ineffective assistance of counsel in each of his grounds for relief." (Dkt. 25-2, Ex. 2, at 12) After receiving the response, Nash sought leave to "amend" his Rule 3.850 motion. (<u>Id.</u>, Ex. 3) The court granted the request, dismissing the Rule 3.850 motion "without prejudice" and granting Nash "one opportunity to amend." (<u>Id.</u>, Ex. 4, at 1) The court ordered Nash to "file a legally and facially sufficient [Rule] 3.850 motion within 60 days." (<u>Id.</u>)

Nash sought to comply by filing an amended Rule 3.850 motion. (<u>Id.</u>, Ex. 5) One month later, he submitted a second amended Rule 3.850 motion. (<u>Id.</u>, Ex. 6) The motions raised the same claims; the only difference was that Nash "deleted any references to his co-defendant" in the second amended motion. (<u>Id.</u>, Ex. 7, at 1 n.1) Once again, Nash raised two claims concerning the failure to convey plea offers. (<u>Id.</u>, Ex. 6, at 15, 17-18) The first alleged that "counsel failed to properly convey and/or advise [Nash] of [the] statewide prosecutor[']s plea offer." (<u>Id.</u> at 15) This claim concerned the alleged 20-year offer from the second trial. Specifically, Nash cited page seven of the State's "response" to his initial Rule 3.850 motion, and this part of the response addressed the "plea offer of 20 years." (<u>Id.</u>; <u>see also</u> <u>id.</u>, Ex. 2, at 7) The second claim alleged that "counsel failed to convey the prosecutor's plea offer to [Nash] prior to reversal of his first trial." (<u>Id.</u>, Ex. 6, at 17) In particular, Nash asserted

that the "96-month plea was offered and rejected by his attorneys without his consent." (Id. at 18)

The postconviction court rejected both claims in a written order. (Id., Ex. 7, at 6-7) It explained that the 96-month offer "involve[d] the first trial," and that "any issues involving the first trial [were] now moot, because those convictions and sentences were overturned on appeal." (Id. at 6) Separately, Nash "failed to show that a plea offer existed involving the second trial or that counsel failed to convey an offer." (Id. at 7) Thus, Nash could not "show that counsel was ineffective or that he was prejudiced by any actions or omissions of counsel." (Id.)

Nash appealed the denial of his Rule 3.850 motion, but he chose not to file a brief. See Fla. R. App. P. 9.141(b)(2)(C)(i) (providing that "[b]riefs are not required" in an appeal from the summary denial of a Rule 3.850 motion). The appellate court affirmed in an unexplained decision. Nash v. State, 179 So. 3d 328 (Fla. 2d DCA 2015). This federal habeas petition followed. (Dkt. 1)

## II.    LEGAL STANDARDS

### A.    AEDPA

Because Nash filed his federal petition after the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA governs his claims. Lindh v. Murphy, 521 U.S. 320, 327 (1997). AEDPA amended 28 U.S.C. § 2254(d) to require:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim—

4

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Clearly established federal law refers to the holding of an opinion by the United States Supreme Court at the time of the relevant state-court decision. Id. at 412.

"[AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 694 (2002). A federal petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington v.

<u>Richter</u>, 562 U.S. 86, 103 (2011).

### B.    Ineffective Assistance of Counsel

Nash asserts ineffective assistance of counsel—a difficult claim to sustain.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), explains:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

"There is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Id.</u> at 697. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Id.</u> at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u>

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." <u>Id.</u> at 691. To demonstrate prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> A reasonable probability is a "probability

sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

     <u>Strickland</u> cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." <u>Id.</u> at 690-91. A defendant cannot meet his burden by showing that the avenue chosen by counsel was unsuccessful. <u>White v. Singletary</u>, 972 F.2d 1218, 1220-21 (11th Cir. 1992).

     Because the standards under <u>Strickland</u> and AEDPA are both highly deferential, "when the two apply in tandem, review is 'doubly' so." <u>Richter</u>, 562 U.S. at 105. "Given the double deference due, it is a 'rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.'" <u>Nance v. Warden, Ga. Diag. Prison</u>, 922 F.3d 1298, 1303 (11th Cir. 2019) (citation omitted).

     The appellate court in Nash's case affirmed the denial of postconviction relief without discussion. <u>Nash v. State</u>, 179 So. 3d 328 (Fla. 2d DCA 2015). A federal court "'look[s] through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume[s] that the unexplained decision adopted the same reasoning." <u>Wilson v. Sellers</u>, 138 S. Ct. 1188, 1192 (2018). Because the postconviction court provided reasons for denying Nash's claims in a written order, (Dkt. 25-2, Ex. 7, at 6-7), this Court evaluates those reasons under § 2254(d).

### III.    DISCUSSION

#### A.    Ground One—Failure to Convey Plea Offer from Second Trial

Nash faults counsel for "failing to convey a 20-year . . . plea offer from the statewide prosecutor prior to [the] second . . . trial." (Dkt. 19 at 6; see also Dkt. 1 at 22) According to Nash, counsel failed to "advise[ ]" him of the 20-year offer before its "cut off" date. (Dkt. 19 at 7) Had counsel timely conveyed the offer, Nash allegedly "would have accepted it," resulting in a 20-year sentence rather than the 30-year sentence he received after the second trial. (Id.)

As noted above, Nash raised similar allegations in his original Rule 3.850 motion. (Dkt. 25-2, Ex. 1, at 15-16) But that motion was dismissed without prejudice to allow Nash to "amend his facially insufficient claims." (Id., Ex. 4, at 1) Nash ultimately filed a second amended Rule 3.850 motion, which became the operative pleading. See Oceanside Plaza Condo. Ass'n v. Foam King Indus., Inc., 206 So. 3d 785, 787 (Fla. 3d DCA 2016) ("[T]he filing of an amended complaint constitutes an abandonment of the original complaint which was superseded, [and it] ceased to be part of the record and could no longer be viewed as a pleading."); see also Faulk v. State, 284 So. 3d 1158, 1162 n.1 (Fla. 1st DCA 2019) ("Any claims that were raised in the previous rule 3.850 motions and not realleged in the second amended rule 3.850 motion have been abandoned.").

In his second amended Rule 3.850 motion, Nash alleged that "counsel failed to properly convey and/or advise [him] of [the] statewide prosecutor[']s plea offer." (Dkt. 25-2, Ex. 6, at 15) Nash did not allege any additional facts in support of this claim, but

it is apparent that he was referring to the alleged 20-year offer from the second trial. As noted above, Nash cited page seven of the prosecution's "response" to his initial Rule 3.850 motion, and this part of the response addressed the "plea offer of 20 years." (Id.; see also id., Ex. 2, at 7)

The postconviction court reasonably rejected this claim. "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." Lafler v. Cooper, 566 U.S. 156, 162 (2012). To show prejudice from the loss of a favorable plea offer, a defendant must establish "that but for the ineffective advice of counsel there is a reasonable probability [1] that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id. at 164; see also Alcorn v. State, 121 So. 3d 419, 430 (Fla. 2013) (same).

Nash failed to adequately plead his ineffective assistance claim. The operative Rule 3.850 motion did not allege that Nash "would have accepted the [20-year] plea [offer]," that "the prosecution would not have withdrawn it in light of intervening circumstances," or that "the court would have accepted its terms." Lafler, 566 U.S. at 164. To be sure, the *initial* Rule 3.850 motion asserted that counsel failed to timely inform Nash of a 20-year plea offer, and that had counsel done so, Nash "would have accepted it." (Dkt. 25-2, Ex. 1, at 16) But that pleading was dismissed without

prejudice, so those allegations were not before the postconviction court when it ruled on the operative Rule 3.850 motion. See Oceanside Plaza Condo. Ass'n, 206 So. 3d at 787 ("[T]he filing of an amended complaint constitutes an abandonment of the original complaint which was superseded, [and it] ceased to be part of the record and could no longer be viewed as a pleading.").

Moreover, even if the original Rule 3.850 motion could be considered, it failed to allege two essential elements of a plea-based claim—that "the prosecution would not have withdrawn [the 20-year offer] in light of intervening circumstances," and "that the court would have accepted its terms."[3] Lafler, 566 U.S. at 164. Without such allegations, a plea-based claim is subject to dismissal as "facially insufficient." Davis v. Sec'y, Dep't of Corr., No. 19-13477-A, 2020 WL 1150201, at *1 (11th Cir. Jan. 28, 2020); see also Dorr v. Sec'y, Dep't of Corr., No. 6:15-cv-988-ACC-DCI, 2023 WL 8418454, at *5 (M.D. Fla. Sept. 11, 2023) (state court reasonably applied federal law in holding that Rule 3.850 motion "was deficiently pleaded" because it "fail[ed] to allege that the State would not have withdrawn the [plea] offer or that the trial court would have accepted it"); Martin v. Inch, No. 3:19-cv-1429-LC-MAF, 2020 WL 2476431, at *5-6 (N.D. Fla. Apr. 16, 2020) (state court reasonably rejected plea-based Strickland claim because petitioner failed to allege in operative Rule 3.850 motion

---

[3] These two elements must be pled in Florida because "Florida's trial courts are not bound by any plea agreement," and Florida law "authorizes the prosecutor to withdraw a plea offer at any time before it is formally accepted by the trial judge." Alcorn, 121 So. 3d at 430.

"that the plea offer would not have been withdrawn or that the judge would have accepted it"), adopted by 2020 WL 2476165 (N.D. Fla. May 13, 2020).

Given these pleading deficiencies, the postconviction court reasonably rejected Nash's ineffective assistance claim without giving him another chance to amend. See Wendell v. State, 392 So. 3d 273, 277 (Fla. 1st DCA 2024) ("[B]ecause the court had given [defendant] a chance to amend any facially insufficient claims, it was not required to provide [him] with another chance to amend."); Armstrong v. State, 148 So. 3d 124, 126 (Fla. 2d DCA 2014) (plea-based Strickland claim was "facially insufficient" because defendant "failed to allege that the prosecutor would not have withdrawn the offer and that the court would have accepted it").

### B.    Ground Two—Failure to Convey Plea Offer from First Trial

Nash argues that counsel was deficient for failing to convey a 96-month plea offer "prior to [his] first . . . trial." (Dkt. 19 at 15; see also Dkt. 1 at 26) According to Nash, he would have "gladly accepted" this offer because counsel was "unprepared to rightfully defend [his] innocence" at the first trial. (Dkt. 19 at 16) As noted above, the postconviction court rejected this claim on the ground that the 96-month offer "involve[d] the first trial," and "any issues involving the first trial [were] now moot, because those convictions and sentences were overturned on appeal." (Dkt. 25-2, Ex. 7, at 6-7)

The rejection of this claim was reasonable. Nash alleges that counsel failed to communicate a plea offer before the first trial. (Dkt. 19 at 15) Nash was found guilty at that trial, but his convictions were reversed on appeal and the case was "remand[ed]

for a new trial." <u>Nash</u>, 53 So. 3d at 1211. He lost at the retrial and was sentenced to a total of 30 years' imprisonment. (Dkt. 16, Ex. 1, at 45-46, 203-10) In these circumstances, Nash cannot show that the mootness ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

"'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." <u>White v. Woodall</u>, 572 U.S. 415, 419 (2014). The Supreme Court has repeatedly cautioned lower courts against framing its decisions at "a high level of generality." <u>Nevada v. Jackson</u>, 569 U.S. 505, 512 (2013); <u>see also</u> <u>Brown v. Davenport</u>, 596 U.S. 118, 136 (2022) (holdings "that speak only at a high level of generality . . . cannot supply a ground for relief" under AEDPA). Accordingly, "it is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 122 (2009); <u>see also</u> <u>Reese v. Sec'y, Fla. Dep't of Corr.</u>, 675 F.3d 1277, 1288 (11th Cir. 2012) ("The Supreme Court has reiterated, time and again, that, in the absence of a clear answer—that is, a holding by the Supreme Court—about an issue of federal law, we cannot say that a decision of a state court about that unsettled issue was an unreasonable application of clearly established federal law.").

There is "no clearly established law that ineffective assistance in a reversed trial can justify habeas relief from conviction in a second trial." <u>Guidry v. Lumpkin</u>, 2 F.4th 472, 490 (5th Cir. 2021). To the contrary, several lower courts have held that claims

of ineffective assistance "in relation to [a] first trial" are "moot [where a defendant is] granted a new trial." United States v. Strother, 387 F. App'x 508, 510 (5th Cir. 2010); see also United States v. Jackson, 7 F.4th 261, 264 (5th Cir. 2021) ("Because we vacate his conviction, [defendant's] ineffective assistance of counsel claim is moot."). The absence of on-point precedent from the Supreme Court is fatal to Nash's claim. See Woodall, 572 U.S. at 426 ("Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error.").

Even apart from the absence of clearly established law, Nash fails to show that the postconviction court acted unreasonably in finding his claim moot. In his second amended Rule 3.850 motion, Nash did not specify the relief he sought for his plea-based ineffective assistance claim. (Dkt. 25-2, Ex. 6, at 17-18) In his initial Rule 3.850 motion, however, he requested "a new trial." (Id., Ex. 1, at 33) Vacating the convictions and ordering a new trial would have been a permissible remedy for Nash's plea-based claim. See Milne v. Sec'y, No. 2:18-cv-760-JES-MRM, 2022 WL 3213440, at *5, *9 (M.D. Fla. Aug. 9, 2022) (state court did not act unreasonably when it "directed the state to set the case for a new trial" after finding that counsel's misadvice led to rejection of plea offer); Ahvakana v. State, 475 P.3d 1118, 1126 (Alaska Ct. App. 2020) ("[S]tate and lower federal courts have taken different approaches [to remedying lost plea offers], including requiring specific performance of the original plea offer or

ordering a new trial." (collecting cases).[4] Because Nash received a new trial on direct appeal, the postconviction court reasonably concluded that his plea-based claim as to the first trial was moot.[5]

## IV.    CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Nash's petition for writ of habeas corpus, (Dkt. 1), is **DENIED**.

2. Nash's motion for a ruling, (Dkt. 40), is **GRANTED** to the extent that this Order resolves the petition.

3. The Clerk is **DIRECTED** to enter judgment against Nash and to **CLOSE** this case.

4. Because Nash neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma*

---

[4] Under Florida law, the postconviction court "ha[d] no authority to require the State to reoffer its original plea offer." <u>Beasley v. State</u>, 964 So. 2d 213, 217 (Fla. 2d DCA 2007).

[5] Respondent argues in the alternative that Grounds One and Two are unexhausted and procedurally defaulted. (Dkt. 14 at 16-17; Dkt. 25 at 1-3) This argument fails. Ground One was not adequately pled in the operative Rule 3.850 motion, but the postconviction court "actually passed upon the claim" when it denied relief. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989). "There is no better evidence of exhaustion than a state court's actual consideration of the relevant constitutional issue." <u>Sandstrom v. Butterworth</u>, 738 F.2d 1200, 1206 (11th Cir. 1984); <u>see also</u> <u>Farris v. Shinn</u>, No. 23-cv-8002-PCT-JAT-JFM, 2024 WL 5395000, at *8 (D. Ariz. June 20, 2024) ("[A] petitioner's state remedies are exhausted where the state courts have reached and passed on the merits of a federal claim, regardless of whether the petitioner had fairly presented the claim to the state court."), <u>adopted by</u> 2025 WL 88362 (D. Ariz. Jan. 14, 2025). As for Ground Two, Nash exhausted his remedies by squarely presenting this claim to the postconviction court and appealing its denial of relief. (Dkt. 25-2, Ex. 6, at 17-18; Dkt. 25-2, Ex. 8)

*pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of June 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE